UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
IN ADMIRALTY

CASE NO. _____

ALEXSANDRO MENDES DE LUCENA,

    Plaintiff,
v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendant.
_____/

## **SEAMAN'S COMPLAINT**

Plaintiff sues Defendant and alleges:

1. Plaintiff, ALEXSANDRO MENDES DE LUCENA, is a citizen of Brazil and a seaman within the meaning of 28 U.S.C. § 1916 and who is permitted to file this suit without paying the filing fee or costs.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line ("DISNEY"), is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. Defendant, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or

      county;

   b. Were engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

4. Defendant is subject to the jurisdiction of the courts of this state.

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333.

6. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S. Code § 30104 et seq., and the General Maritime Law of the United States.

7. The Plaintiff requests an advisory jury pursuant to Fed. R. Civ. P. 39(c).

## **PRELIMINARY ALLEGATIONS**

8. At all times material hereto, Defendant DISNEY owned, operated, managed, maintained and/or controlled the vessel *Disney Magic*, and operated same under a flag of convenience.

9. At all times material hereto, Defendant DISNEY had a non-delegable duty to provide prompt, proper and adequate medical care to its crewmembers, including the Plaintiff. This included a non-delegable duty to provide and/or select competent and duly qualified medical personnel to treat crewmembers, including

the Plaintiff. Delegating the duty to provide the Plaintiff with prompt, proper and adequate care does not alleviate Defendant DISNEY's non-delegable duty.

10. At all times material hereto, Plaintiff was a member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of Assistant Bartender and was working in the service of the vessel.

11. At all times material hereto, the vessel was in navigable waters.

12. At all times material hereto, the Plaintiff worked and lived aboard the vessel.

13. At all times material hereto, Defendant DISNEY created a work environment where crewmembers, like Plaintiff, are rushed to complete their duties and sent back to work before the true nature and extent of their injuries are determined.

14. While working aboard the *Disney Magic,* Plaintiff was required to carry and transport heavy items without use of suitable personal protective equipment, transport equipment and/or sufficient assistance, including performing these duties on uneven surfaces and inclines.

15. On or about September 5, 2022, as a result of his long working hours and repetitive heavy lifting when loading and unloading boxes of liquor, without sufficient equipment or assistance, the Plaintiff sustained a severe back pain injury.

16. Thereafter, the Plaintiff went to the onboard medical facility several times in effort to obtain medical care for his symptoms. The Plaintiff was provided with pain medication to mask his symptoms and sent back to work thereby aggravating and worsening his condition.

17. The Plaintiff notified his supervisor of the ongoing medical condition and pain but Plaintiff was required to continue working.

18. Plaintiff repeatedly visited the onboard medical facility regarding his ongoing and persistent pain. Further, Defendant failed to ensure the Plaintiff was promptly evaluated and/or treated shore side. As such, Plaintiff did not receive prompt, proper or adequate medical care. Plaintiff was ultimately medically disembarked and required ongoing medical care.

19. As a result of this incident and due to the negligence of the Defendant, Plaintiff suffered permanent and disabling injuries to his spine.

## **COUNT I – JONES ACT NEGLIGENCE**

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nineteen (19) as though originally alleged herein.

20. On or about September 5, 2022, the Plaintiff sustained severe pain and injuries to his back while employed by DISNEY as a seaman and a member of the crew of the *Disney Magic*, which was in navigable waters.

21. Under the Jones Act, Defendant DISNEY owed the Plaintiff, its employee and member of the crew, a duty to use ordinary and reasonable care under the circumstances.

22. It was the duty of Defendant DISNEY to provide Plaintiff with a reasonably

safe place to work.

23. On or about September 5, 2022, Plaintiff was injured due to the fault and negligence of Defendant DISNEY, its agents, servants, and/or employees. Defendant DISNEY failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

    a. Failing to provide proper crew and/or device(s) for the working spaces onboard requiring repetitive heavy lifting, carrying, pushing and/or pulling;

    b. Failing to provide personal protective equipment, supportive footwear and/or apparel to carry out his duties as an Assistant Bartender;

    c. Failing to provide Plaintiff with proper lifting devices and/or sufficient assistance to perform his job duties in a reasonably safe manner;

    d. Failing to have adequate policies and procedures to prevent personnel from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

    e. Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

    f. Failing to warn Plaintiff of the dangers of doing repetitive heavy lifting, carrying, pushing and/or pulling;

    g. Failing to provide adequate manpower to perform the work assigned to

Plaintiff;

h. Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling despite Plaintiff's injury;

i. Failure to eliminate and/or modify the hazard(s) which caused the Plaintiff to suffer his injury;

j. Failing to adequately diagnose and/or treat Plaintiff's injury;

k. Failing to provide prompt, proper and adequate medical care to the Plaintiff when he sought medical attention for his injuries;

l. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course of his employment on the Defendant DISNEY's vessel;

m. Failing to comply with the vessel's policies and procedures regarding hazardous conditions aboard the vessel in order to provide Plaintiff a reasonably safe place to work;

n. Failing to ascertain the cause of prior similar accidents/injuries so as to take measures to prevent their re-occurrence, particularly Plaintiff's accident/injuries, in violation of the Defendant DISNEY's own ship board policies mandated by the ISM Codes' requirements; and/or

o. Failing to adhere to the Maritime Labour Convention, 2006 and the Code of Safe Working Practices for Merchant Seafarers with respect to safety procedures and processes.

24. At all times material hereto, Defendant DISNEY negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazards, failed to modify those hazards and failed to warn the plaintiff of the hazard. In addition, Defendant DISNEY violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to suffer his injuries and did not receive adequate care for them.

25. Defendant DISNEY knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant DISNEY in the exercise of reasonable care should have learned of them and corrected them.

26. As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and

impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they originally alleged herein.

27. On or about September 5, 2022, Plaintiff was a seaman and a member of the *Disney Magic's* crew, which was in navigable waters.

28. At all times material hereto, Defendant DISNEY owned, managed, operated and controlled the vessel *Disney Magic*.

29. Defendant DISNEY had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

30. The unseaworthiness of Defendant DISNEY's vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a. The vessel was not reasonably fit for its intended purpose due to the conditions created by Defendant as follows:

        1. Failing to provide proper crew and/or device(s) for the working spaces onboard requiring repetitive heavy lifting, carrying,

    pushing and/or pulling;

2. Failing to provide personal protective equipment, supportive footwear and/or apparel to carry out Plaintiff's duties as an Assistant Bartender;

3. Failing to have adequate policies and procedures to prevent personnel from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

4. Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

5. Failing to warn the Plaintiff of the dangers of repetitive heavy lifting, carrying, pushing and/or pulling;

6. Failing to provide adequate manpower to perform the work assigned to Plaintiff;

7. Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling duties, despite his injury;

8. Sending Plaintiff back to work on pain killers after his injury;

9. Requiring Plaintiff to work while injured;

10. Failing to warn Plaintiff of the dangers of working while injured;

11. Failing to warn Plaintiff of the dangers of working on pain killers while injured; and/or

12. Failing to provide Plaintiff with prompt, proper, and adequate medical treatment.

b. The vessel's crew, including Plaintiff's supervisors and Defendant DISNEY's shipboard doctors, were not properly trained, instructed and/or supervised;

c. Defendant created an unsafe working environment;

d. The vessel did not have a fit crew;

e. The vessel failed to provide Plaintiff with a safe working environment free of physical threats and/or dangerous conditions;

f. The vessel's medical personnel were not properly trained, monitored and/or supervised to promptly, properly and adequately diagnose and treat Plaintiff's injury when he presented to the vessel's medical center and as he continued to complain his condition became aggravated;

g. The vessel's medical personnel were not properly trained, monitored and/or supervised to provide Plaintiff with prompt, proper, and adequate medical care when he sought medical attention for his injuries;

h. The vessel failed to carry and utilize competent, skilled and properly trained medical care providers on board and shoreside to provide Plaintiff with prompt, proper and adequate medical care;

i. The vessel failed to carry and utilize proper and adequate medical equipment with respect to treating Plaintiff's condition;

  j. The vessel failed to carry and utilize properly trained medical providers to medically manage Plaintiff's medical care after he was injured; and/or

  k. The vessel failed to carry and utilize properly trained medical providers to provide Plaintiff prompt, proper and adequate medical care, which aggravated his injuries and caused his additional pain and disability; and/or

31. As a result of the unseaworthiness of the vessel *Disney Magic*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and plaintiff's working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

## COUNT III – FAILURE TO PROVIDE MAINTENANCE & CURE

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nineteen (19) as though originally alleged herein.

32. On or about September 5, 2022, the Plaintiff suffered injuries while in the service of the Defendant DISNEY's vessel, *Disney Magic*, which was in navigation.

33. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY until declared to have reached maximum medical improvement ("MMI") or maximum medical cure ("MMC"). This includes unearned wages (regular wages, overtime and vacation pay), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

34. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

35. An MMI or MMC declaration must be unequivocal and, if not, any doubts or controversy regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

36. Defendant DISNEY's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law and in callous disregard for

Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States.  Furthermore, Defendant DISNEY's unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated his condition and caused him to suffer additional compensatory damages including, but not limited to, the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

## COUNT IV – FAILURE TO TREAT

Plaintiff re-alleges, adopts and incorporates by references paragraphs one (1) through nineteen (19) as though originally alleged herein.

37. On or about September 5, 2022, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the *Disney Magic*'s crew.  The vessel was in navigable waters.

38. It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

39. Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate and complete medical care.  This conduct includes, but is not limited to:

a. Defendant not providing Plaintiff with prompt, proper and/or adequate medical care after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition;

b. Defendant not properly diagnosing Plaintiff's injury;

c. Defendant sending Plaintiff back to work after he reported his condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to; and/or

d. Defendant manipulating and directing Plaintiff's medical care both shipboard and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would improve and/or cure his condition.

40. As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity have been

impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.

41. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law.

Dated: December 4, 2024.

                                      Respectfully submitted,

                                      LIPCON, MARGULIES
                                      & WINKLEMAN, P.A.
                                      *Attorneys for Plaintiff*
                                      2800 Ponce de Leon Blvd.,
                                      Suite 1480
                                      Coral Gables, Florida 33134
                                      Telephone No.: (305) 373-3016
                                      Facsimile No.: (305) 373-6204

            By:    */s/ Stefanie A. Black*
                    **STEFANIE A. BLACK**
                    Florida Bar No. 111903
                    sblack@lipcon.com